```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

| | |
|---|---|
| JIMMIE HOOD, | : |
| | : |
|     Plaintiff, | : |
| | : |
| vs. | : |
| | :    CIVIL ACTION 13-0271-CG-M |
| LIBERTY INSURANCE CORPORATION, | : |
| | : |
|     Defendant. | : |

REPORT AND RECOMMENDATION

The Motion to Dismiss filed by Defendant Liberty Insurance Corporation (hereinafter *Liberty*) (Doc. 4) has been referred for report and recommendation, under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2.  Diversity jurisdiction has been invoked in this Court under 28 U.S.C. § 1332.  After consideration, it is recommended that Liberty's Motion (Doc. 4) be granted in its entirety.

The facts are, briefly, as follows.  Plaintiff Jimmie Hood is the owner of a mobile home in Camden, Alabama that he purchased in January 2010 (Amended Complaint, ¶¶ 1-2, 6).[1]  Hood obtained home insurance through Liberty (Amended Complaint, ¶¶

---

[1] The First Amended Complaint appears at document one, pages 13-22 as Exhibit A.  The original Complaint appears at pages 67-76 in the same document as Exhibit D.

1

3, 7, 10). On August 5, 2010, a fire destroyed the home (Amended Complaint, ¶¶ 12-13). Hood filed a claim for insurance with Liberty, but it was denied on January 20, 2011 (Amended Complaint, ¶¶ 14, 17; Doc. 4, Exhibit C[2]).

On May 23, 2012,[3] Plaintiff filed a complaint against Liberty Mutual Insurance Corporation and six unnamed Defendants in the Wilcox County Circuit Court (Doc. 1, pp. 67-76). On April 12, 2013, Hood filed his First Amended Complaint, substituting Liberty for one of the fictitious parties and asserting the following claims:  (1) breach of contract; (2) bad faith; (3) misrepresentation; (4) suppression; and (5) negligence (First Amended Complaint). Plaintiff seeks both compensatory and punitive damages.

On May 22, 2013, Defendant removed the action to this Court (Doc. 1). One week later, Liberty filed a Motion to Dismiss, seeking to dismiss all but the breach of contract claim (Doc. 4). Plaintiff has responded to the Motion (Doc. 7) to which Defendant has replied (Doc. 8).

---

[2]Exhibit C is the letter denying and rescinding insurance coverage. As the denial of coverage is the basis for this action, the document that accomplishes that is necessary for the Court's consideration. *See La Grasta v. Fist Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).
[3]Liberty has asserted that Hood filed his original complaint on October 3, 2011 but, for reasons not important here, refiled it on May 23, 2012 (*see* Doc. 4, pp. 2-3).

2

The Court notes, initially, that "[w]hen considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  In order to state a claim for relief, the Federal Rules of Civil Procedure state that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  The U.S. Supreme Court explained that the purpose of the rule was to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).[4]  While factual allegations do not have to be detailed, they must contain more than "labels and conclusions;" "a formulaic recitation of the elements of a cause will not do." *Bell Atlantic Corporation v. Twombley*, 550 U.S. 544, 555 (2007)

---

[4]*Conley* also stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley*, 355 U.S. at 45-46.  The U.S. Supreme Court has done away with this standard in *Bell Atlantic Corporation v. Twombley*, 550 U.S. 544, 557-563 (2007).  The Court, nevertheless, finds *Conley*'s statement regarding the purpose of Rule 8(a)(2) to be useful here in deciphering the analysis necessary for evaluating Plaintiff's claims.

(citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted). "Facts that are 'merely consistent with' the plaintiff's legal theory will not suffice when, 'without some further factual enhancement [they] stop short of the line between possibility and plausibility of "entitle[ment] to relief."'" *Weissman v. National Association of Securities Dealers, Inc.*, 500 F.3d 1293, 1310 (11th Cir. 2007) (quoting *Twombley*, 550 U.S. 557) (quoting *DM Research, Inc. v. College of American Pathologists*, 170 F.3d 53, 56 (1st Cir. 1999)). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombley*, 550 U.S. at 556). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of conduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)). As noted by the Supreme Court, Plaintiffs must "nudge[] their claims across the line from conceivable to plausible[; otherwise,] their complaint must be dismissed." *Twombly*, 550 U.S. at 570. It is noted, however, that a complaint may be dismissed, under Federal Rule of Civil Procedure 12(b)(6), "on the basis of a dispositive issue of law." *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539

(11th Cir.) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)), *cert. denied*, 502 U.S. 810 (1991).

Defendant Liberty first claims that Hood's claims for bad faith (claim 2), misrepresentation (claim three), suppression (claim four), and negligence (claim five) are all tort claims subject to the two-year statute of limitations period under Alabama law (Doc. 4, pp. 5-12).  Alabama[5] statutory law states that "[a]ll actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years." Ala. Code § 6-2-38(l).  It is also noted that "[t]he statute of limitations begins to run when the first injury, however slight, occurs, even though that injury may later become greater or different."  *Free v. Granger*, 887 F.2d 1552, 1556-57 (11th Cir. 1989).

The evidence shows that Liberty, in a letter dated January 20, 2011, denied Plaintiff's claim for insurance coverage (Doc. 4, Exhibit C).  For statute of limitations purposes, the clock began to run from the time Hood received this letter.  Though Plaintiff brought an action on October 3, 2011, Liberty was not named as a Defendant until the First Amended Complaint was filed

---

[5]In this action, Alabama law controls.  *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).

on April 12, 2013, more than two years after coverage had been denied.

In response, Hood asserts that he named Fictitious Parties A-F in the original Complaint and the re-filed Complaint and that, in filing the First Amended Complaint, he has named—and substituted—Liberty as one of those fictitious parties (Doc. 7, pp. 3-4). Plaintiff asserts that his "substituting" Liberty for one of the Fictitious Parties relates[6] back to the original

---

[6] Alabama allows Fictitious Party practice under Ala.R.Civ.P. Rule 9(h) which states: "When a party is ignorant of the name of an opposing party and so alleges in the party's pleading, the opposing party may be designated by any name, and when that party's true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name."
   The Court further notes that an amendment of a pleading may relate back to the date of an original pleading pursuant to Ala.R.Civ.P. Rule 15(c) which states as follows: "An amendment of a pleading relates back to the date of the original pleading when
   (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
   (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, except as may be otherwise provided in Rule 13(c) for counterclaims maturing or acquired after pleading, or
   (3) the amendment, other than one naming a party under the party's true name after having been initially sued under a fictitious name, changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the applicable period of limitations or one hundred twenty (120) days of the commencement of the action, whichever comes later, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party, or
   (4) relation back is permitted by principles applicable to fictitious party practice pursuant to Rule 9(h)."

Complaint, barring the statute of limitations defense.

The evidence shows that, in the re-filed original Complaint, Hood names Fictitious Defendants A-F in the caption (Doc. 1, p. 67). In the text of the Complaint, Plaintiff made the following assertions:

> Fictitious Party Defendants A-F participated in the selling of the policy at issue in this matter, evaluation of the claim, delay of the Plaintiff's claim, wrongful denial of the Plaintiff's claim or were otherwise involved in the claims process.
> 4. Wherever it is alleged that a Defendant did anything, it is averred that "Defendant" acted on behalf of all Defendants collectively, unless otherwise stated.

(Doc. 1, p. 68, ¶¶ 3-4). No other mention of Fictitious Defendants is made anywhere in the balance of the Complaint.

Defendant has countered this argument, however, by pointing to an Alabama Supreme Court decision holding that "merely naming the fictitious party in the style and/or body of the complaint is insufficient; the complaint must describe the actions that form the basis of the cause of action against the fictitiously named defendant." *Ex parte International Refining & Mfg. Co.*, 972 So.2d 784, 789 (Ala. 2007). The *International Refining* Court held that the plaintiffs had only provided specific factual assertions relating to one claim against the fictitious defendants and dismissed the rest, finding that a general

statement in the complaint that "[r]eferences to 'defendants' in this complaint will be understood to include fictitious party defendants" was inadequate to put them on notice of claims against them. *International Refining*, 972 So.2d at 790-91.

In this action, Hood did not make assertions describing "the actions that form the basis of the cause of action against the fictitiously named defendant" as required in *International Refining*. More specifically, the Court finds that Hood did not make specific allegations about the Fictitious Parties in any of the four claims in issue in this Report. Therefore, the Court finds no merit in Plaintiff's assertion that his substituting Defendant Liberty for Liberty Mutual Insurance Corporation or Fictitious Defendant A satisfies the requirements of Alabama law regarding fictitious parties and the relation-back of pleadings.

Defendant Liberty has also argued that Hood cannot assert ignorance of its true identity (Doc. 4, pp. 10-12). While Liberty may be ultimately correct in this argument, the Court notes that the documents are confusing;[7] it was only after

---

[7] Specifically, while the insurance contract at issue has "Liberty Insurance Corporation" displayed at the top center on its first two pages, the emblem "Liberty Mutual Insurance," in a font that is about twice as large as that for "Liberty Mutual Insurance," appears in the top left hand corner on both of those pages as well; on the top right hand corner, again on both pages, is another emblem that says "Liberty Mutual Group" (Doc 4, Exhibit B, pp. 3-4). On both of those pages, out to the side of Hood's mailing address is the mailing address for
(Continued)

studied deliberation that the Court was able to separate and identify the entities involved—and not involved—in this transaction.  To wit:  Liberty Insurance Corporation is the insurer of Hood's mobile home and the proper Defendant in this action.  Liberty Mutual Insurance Company is Liberty Insurance Corporation's parent company (*see* Doc. 8, p. 2).  Liberty Mutual Insurance Corporation is a non-existent corporation that Hood originally sued in this action (*id.*).

Nevertheless, in spite of the confusing names scattered throughout the insurance contract and claim rejection letter, the Court finds that Plaintiff should have, over a period of two years, figured out the real party in interest, Liberty Insurance Corporation, and sued it before the statute of limitations

---

Liberty Mutual" (*id.*).  The claims website on both pages is listed as "libertymutual.com" (*id.*).  The "Liberty Mutual Insurance" emblem appears in the top right corner on almost every page throughout the balance of the contract (*id.* at pp. 7-39); the name "Liberty Mutual Group" appears several times at the bottom of the page (*id.* at pp. 7, 9, 35, 37, 40) while "Liberty Mutual Insurance Group" also makes an appearance (*id.* at pp. 31-33, 39).  In summary, the name "Liberty Insurance Corporation" appears only twice in the insurance contract.
    In the letter notifying Hood that his claim was being rejected, the "Liberty Mutual" emblem, in huge letters, appears at the top of the page; below it appears the address for "Liberty Mutual Group" (Doc. 4, Exhibit C).  Only in the text of the letter does one learn that the claim is being rejected by "Liberty Insurance Corporation" (*id.*).  The letter goes on to explain that Hood's payments will be refunded by "the Company;" though that entity is mentioned three times, it is never identified (*id.*).  At the bottom of the letter is a logo:  "Liberty Mutual:  Helping People Live Safer, More Secure Lives" (*id.*).

period ran.  The Court finds it of no moment that Plaintiff has asserted that the attorney for a non-party did not tell him that he had sued the wrong entity or that the state court did not tell him that service had not been perfected on the wrong entity (*see* Doc. 7, pp. 3, 5, 6).  Hood had information, though not without obfuscation, as to who should have sued.  For whatever reasons, he did not do so in a timely manner.

This reasoning is supported by a case brought to the Court's attention by Plaintiff that is directly on point with the facts herein.  In *Davison v. Pogue*, 735 So.2d 1240 (Ala. Civ. App. 1999), the plaintiff sued a defendant and fictitious parties for injuries sustained in a motor vehicle accident; plaintiff named the wrong defendant, however, and, in an amended complaint, attempted to "substitute" the correct defendant for the originally-named Defendant.  The trial court allowed the substitution even though the amended complaint was filed after the two-year statute of limitations had run and 214 days after the original complaint had been filed.  The Alabama Court of Criminal Appeals reversed, finding that the "substitution" was improper under Ala.R.Civ.P. 9(h) and did not relate back under Ala.R.Civ.P. 15(c)(4).[8]  The *Davison* Court went on to find that

---

[8]In reaching this decision, the Court quoted extensively from a
(Continued)

as the new defendant was served with the complaint more than 120 days after the original complaint had been filed and beyond the statute of limitations, there was no relation-back under Ala.R.Civ.P. Rule 15(c)(3).

The *Davison* decision clearly instructs this Court that it would be improper to allow Plaintiff to substitute Liberty Insurance Corporation for the improperly named Liberty Mutual Insurance Corporation or a fictitious party.  That decision also leads to the inescapable conclusion that there is no relation-back of the First Amended Complaint to the time the original complaint was filed under the Alabama Rules of Civil Procedure. Having already determined that Plaintiff's tort claims are all barred by the statute of limitations, it is recommended that Plaintiff's second, third, fourth, and fifth claims be dismissed.

---

case construing the predecessor statute to Ala.R.Civ.P. Rule 9(h) in which the following was stated:  "'*We are clear it does not apply to a case where the plaintiff, by mistake, sues the wrong party, brings him into court, and, finding he has the wrong party, seeks to substitute another and different party.  With all our liberal rules of pleading intended to promote justice our statutes have not authorized an entire change of parties in the course of suit.  A suit may not be begun against one person and wind up with a judgment solely against a different person, unless he waived the change of parties.  When the wrong person is sued, he is due to go out of court, and the new party is entitled to have the suit date from the time he is sued.*'" *Davison*, 735 So.2d at 1243 (*quoting Roth v. Scruggs*, 106 So. 182, 184 (Ala. 1925) (emphasis in *Davison*).

Defendant has also argued that, in bringing claims three, four, and five, Plaintiff is attempting to convert his breach of contract claim into separate tort claims (Doc. 4, pp. 12-14). Liberty has correctly noted the Alabama Supreme Court's holding that "[a] mere failure to perform a contract obligation is not a tort, and it furnishes no foundation for an action on the case." *C & C Products, Inc. v. Premier Indus. Corp.*, 275 So.2d 124, 130 (Ala. 1972) (citations omitted). More to the point, in a concurring opinion, Justice Houston, in an Alabama Supreme Court case, stated as follows:

> a fraud claim cannot be maintained simply because a party-even mistakenly, intentionally, or maliciously-did not properly perform a contractual obligation. Additionally, not all "fraudulent" acts, as the term "fraudulent" is broadly understood, give rise to a cause of action for fraud. Fraud, as a cause of action, requires some damage stemming from reliance on a misrepresentation or suppression intended to induce that reliance, *i.e.*, reliance that caused someone to act or to refrain from acting.

*Hunt Petroleum Corp. v. State*, 901 So.2d 1, 12-13 (Ala. 2004) (concurring opinion) (*citing Deupree v. Butner*, 522 So.2d 242 (Ala. 1988)).

In response, Plaintiff argues that the breach of faith[9] claim and negligence claim should not be dismissed; however, Plaintiff makes no argument regarding Liberty's assertion that the misrepresentation and suppression claims should be dismissed (Doc. 7, pp. 9-12). Therefore, it is recommended that claims three and four be dismissed as Plaintiff has failed to state a claim upon which relief can be granted under Alabama law.

As for Hood's negligence claim, the Alabama Supreme Court "has consistently refused to recognize a cause of action for the negligent handling of insurance claims." *Pate v. Rollison Logging Equipment, Inc.*, 628 So.2d 337, 345 (Ala. 1993) (citations omitted).[10] Plaintiff has referred the Court to a different case[11] holding otherwise (Doc. 7, pp. 10-11), but it is not relevant here as it is ruling on the rights of third-party beneficiaries to an insurance contract; that is not an issue in this action. It is recommended that Plaintiff's negligence claim be dismissed as it does not state a claim allowed under

---

[9]The Court notes that Defendant's only argument regarding the breach of faith claim concerns the statute of limitations.

[10]The *Pate* Court did acknowledge, though, that it had modified a rule, in *Independent Fire Insurance Co. v. Lunsford*, 621 So.2d 977 (Ala. 1993), that had previously disallowed damages for mental anguish based on an insurance contract breach. Nevertheless, its holding regarding negligence actions on insurance claims remains intact.

[11]*Waters v. American Cas. Co. of Reading, Pennsylvania*, 73 So.2d 524 (Ala. 1954).

Alabama law.

In summary, Plaintiff has brought five different claims in this action.  It is recommended that claims two (bad faith), three (misrepresentation), four (suppression), and five (negligence) all be dismissed as they are barred by the Alabama statute of limitations.  It is further recommended that claims three, four, and five should be dismissed as they fail to state a claim under Alabama law.  To that end, it is recommended that Defendant's Motion to Dismiss (Doc. 4) be granted in its entirety and that judgment be entered in favor of Defendant Liberty Insurance Corporation and against Plaintiff Jimmie Hood as to claims two, three, four, and five.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed

determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 10th day of July, 2013.

                                         s/BERT W. MILLING, JR.
                                         UNITED STATES MAGISTRATE JUDGE